h PETTIGREW, J.,
dissenting.
I must respectfully dissent from the majority’s opinion in this case. In his final assignment of error, Mr. Anderson questions the workers’ compensation judge’s application of La. R.S. 23:1208: “Was the judge in error for applying LSA-R.S. 23:1208 to the facts of this case in that Appellant was receiving benefits prior to seeing Dr. Dammer and the procedure used for the drug test was a clear cut violation of LSA-R.S. 23:1081.” However, the majority fails to address the issue of whether this was a correct application of La. R.S. 23:1208.
In a judgment rendered March 31, 2000, the workers’ compensation judge rendered judgment ordering forfeiture of all workers’ compensation benefits based on a finding that Mr. Anderson violated La. R.S. 23:1208. The judge further ordered restitution to Barrett Interior Specialties of all workers’ compensation benefits received by Mr. Anderson.
Louisiana Revised Statutes 23:1208 provides several sanctions or penalties for someone who has willfully made a false statement or representation to obtain workers’ compensation benefits. There are criminal penalties in Section C; forfeiture of any right to compensation benefits in Section E; and restitution in Section D. The restitution provisions in Section D are as follows: “Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.” La. R.S. 23:1208(D)(emphasis added).
| Jt is not disputed that the accident occurred on September 8, 1998, while Mr. Anderson was in the course and scope of his employment. Following the accident, Mr. Anderson received workers’ compensation benefits until May 26,1999, at which time his treating physician cleared him to *995 return to work and the benefits were terminated. In reasons for judgment, the workers’ compensation judge found that Mr. Anderson violated La. R.S. 23:1208 by making a fraudulent misrepresentation to Dr. Dammers on April 21, 1999, regarding his prior drug use. Based on this finding of fraud, the workers’ compensation judge then ordered not only forfeiture of benefits, but also ordered restitution of all previous benefits received. This constituted legal error by the workers’ compensation judge. Accordingly, I would reverse that part of the judgment ordering restitution and remand the matter for determination of what benefits were obtained through fraud. See Our Lady of the Lake Regional Medical Center v. Helms, 98-1931, p. 7 (La.App. 1 Cir. 9/24/99), 754 So.2d 1049, 1053, writ denied, 1999-3057 (La.1/7/00), 752 So.2d 863.